CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 13 2011

JULIA C. DUDLEY, CLERK
BY: /s/ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| PETER DEMETRIADES, *et al.*, | Civil Action No. 7:11-cv-00407 |
| Plaintiffs, | |
| | **MEMORANDUM OPINION** |
| v. | |
| MICHAEL J. ASTRUE, | By: Samuel G. Wilson |
| Commissioner of Social Security *et al.*, | United States District Judge |
| Defendants. | |

This is an action pursuant to 5 U.S.C. § 552a, by plaintiffs, Peter and Michele Demetriades, who are proceeding *in forma pauperis*, against Michael J. Astrue, Commissioner of Social Security and various employees of the Social Security Administration ("SSA"), the Office of the Insurance Commissioner in West Virginia ("Insurance Commissioner"), and the Insurance Commissioner third party administrator, Sedgwick CMS, Inc. ("Sedgwick"), arising out of the suspension of social security benefits payable to Mr. Demetriades and alleged privacy violations. Even viewed in the light most favorable to Mr. and Mrs. Demetriades, they have not stated a plausible claim for relief. Accordingly, the court dismisses this complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Mr. Demetriades' social security benefits were suspended by the Bristol, Virginia Social Security Office on May 1, 2010 after he failed to provide requested documents. Mr. and Mrs. Demetriades allege those documents were eventually provided, and Mr. Demetriades' benefits reinstated, between September and October of 2010. In the interim, Mr. Demetriades was awarded a worker's compensation settlement of $90,000. According to Mr. and Mrs.

Demetriades, their case manager transferred their benefits from the Bristol office to the Wytheville office in October of 2010 after they moved, and on October 18, 2010, Mr. and Mrs. Demetriades were told to speak to Evelyn Cole at the Wytheville office. Ms. Cole informed the Demetriades that Mr. Demetriades' benefits needed to be investigated and canceled his benefits sometime later for failure to provide a release form granting the SSA permission to obtain his worker's compensation settlement information. The Wytheville office received the information on Mr. Demetriades' settlement from Sedgwick sometime in either November or December of 2010. They also received documentation of benefits paid to Mr. Demetriades between 2002 and 2008. In December of 2010, the Wytheville Social Security Office mailed Mr. and Mrs. Demetriades a letter requesting information on how the settlement money was spent and suspended Mr. Demetriades' benefits for three years. Mr. and Mrs. Demetriades allege that SSA, et al. violated their "rights to Privacy and unauthorized information." They also allege SSA, et al. caused them "intentional inflicted harm and damage" and "displayed an egregious conduct."

## II.

Mr. and Mrs. Demetriades' complaint does not contain sufficient facts which, if taken as true, would support a claim to relief that is plausible on its face. Accordingly, the court *sua sponte* dismisses Mr. and Mrs. Demetriades' complaint without prejudice.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), a court shall "at any time" dismiss an *in forma pauperis* complaint if it "fails to state a claim upon which relief may be granted." "[A] judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). The court construes *pro se* complaints liberally, imposing "less stringent standards than formal pleadings drafted by lawyers." See id. (internal

quotation marks and citation omitted).  Even still, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Atherton v. D.C. Office of Mayor, 567 F.3d 672, 681–82 (D.C. Cir. 2009) ("[While *pro se* complaints] must be held to less stringent standards than formal pleadings[,] . . . even a *pro se* complainant must plead factual matter that permits the court to infer more than the mere possibility of misconduct.") (internal quotation marks and citations omitted).

Here, none of the facts presented in Mr. and Mrs. Demetriades' complaint are sufficient to plead a plausible claim or for that matter an intelligible one.  Although *pro se* complaints are held to "less stringent standards," Erickson, 551 U.S. at 94, this does not give *pro se* litigants the privilege of submitting claims based on unintelligible facts.  From the facts as plead, the court can only discern that Mr. and Mrs. Demetriades' are complaining that the details of Mr. Demetriades' settlement were released by Sedgwick in violation of the Privacy Act of 1974.  This caused the Demetriades "harm and damage" by stymieing their efforts to hide from SSA a $90,000 settlement.  It is not clear how any harm was caused, what the applicability of the Privacy Act is, or how it was violated from the Demetriades' complaint, which must contain enough factual content to allow this court to draw the reasonable inference that the defendants are liable for actionable misconduct.  Their complaint fails to satisfy these basic pleading requirements.

Accordingly, the court dismisses their complaint.

### III.

For the reasons stated, the court dismisses Mr. and Mrs. Demetriades' complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) without prejudice.[1]

**Enter:** September 13, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Section 1915(e) applies to all *in forma pauperis* filings "in addition to complaints filed by prisoners[.]" Michau v. Charleston Cnty., 434 F.3d 725, 728 (4th Cir. 2006). Accordingly, it is the proper vehicle to dismiss Mr. and Mrs Demetriades' complaint.

4